UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHARLES HENRY, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:12-CV-532 CAS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Currently before the Court is movant's pro se document entitled "Defendant's Claim of Actual Innocence Due to Miscarriage of Justice for Withholding Evidence and Police Corruption." Petitioner is an inmate at the Federal Correctional Institution in Pekin, Illinois.

In the pro se motion before the Court, movant asks the Court to vacate his conviction or order a new trial, based on withheld evidence. Specifically, movant asserts that: (1) his guilty plea in his underlying criminal case was coerced by false information provided by two corrupt police officers who have since been convicted of federal crimes; and (2) the government acted unlawfully when it failed to provide him with information relating to the "corrupt" police officers involved in his arrest and prosecution. Movant's motion also specifically references the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and he asserts that his motion is subject to equitable tolling. In his request for relief, movant seeks to either have his conviction vacated or be allowed to withdraw his guilty plea and be granted a new trial.

Because of the nature of the arguments set forth in movant's motion and the relief requested, the Court construes movant's filing as a motion to vacate his criminal conviction, pursuant to 28

U.S.C. § 2255. For the reasons set forth below, movant's motion is denied as successive, or in the alternative, time-barred.

**Background**

On August 30, 2007, movant pleaded guilty to one count of possession with intent to distribute more than fifty grams of cocaine base, in violation of 18 U.S.C. § 841(a)(1). On March 13, 2008, he was sentenced to eighty-four (84) months' imprisonment, followed by a three-year term of supervised release. Movant did not appeal his conviction, however, he did file a number of post-trial motions.

On October 31, 2008, movant filed a motion for retroactive application of the Sentencing Guidelines under 18 U.S.C. § 3582(c)(2). On November 10, 2008, the Court denied this motion on the basis that movant's sentence already reflected the lower base offense level provided by the November 1, 2007 revisions to the Sentencing Guidelines pertaining to crack cocaine. In other words, movant had already received the benefit of the amended guidelines.

On December 4, 2009, movant filed a second motion for retroactive application of the Sentencing Guidelines under 18 U.S.C. § 3582(c)(2). This motion was denied on December 10, 2009, again on the basis that movant had already received the benefit of the crack cocaine amendments to the Sentencing Guidelines.

On June 7, 2010, movant filed a motion for new trial which was denied by Memorandum and Order on July 27, 2010. On August 13, 2010, movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Henry v. United States, Case No. 4:10-CV-1510 CAS. Movant's motion to vacate was dismissed as time-barred by Order dated November 30, 2010. Movant did not appeal the denial of the motion to vacate.

On November 12, 2010, movant filed a third motion for retroactive application of the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2). In his motion, movant posited arguments similar to the arguments posed before the Court in the instant motion. Finding 18 U.S.C. § 3582(c)(2) inapplicable to movant's arguments, the Court denied movant's motion for reduction of his sentence. The Court also denied movant's attempts to collaterally attack the dismissal of his prior § 2255 action and denied movant's request for retroactive application of the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010).

**Discussion**

In the instant motion, movant claims that he has garnered "new evidence" that the two St. Louis City police officers involved in his arrest and prosecution, Shell Sharp and Michael Mathews, have been found to have provided false testimony in two prior federal cases before this Court. See, e.g., Holmes v. United States, No. 4:08-CV-1142 CEJ, 2011WL4445702, *1 (E.D. Mo. Sept. 26, 2011). Movant asserts that because he based his decision to plea guilty on the "statements and affidavits" these two officers made, evidence about their lack of credibility before this Court should provide him with an opportunity to withdraw his plea and be granted a new trial.

Movant additionally asserts that the government should be held accountable for failing to reveal to movant prior to his guilty plea, evidence regarding the government's investigations into purported illegal activity by officers Shell and Mathews. Additionally, movant claims, in a conclusory manner, that he is actually innocent of the criminal charges for which he has been convicted and he moves for an order from this Court vacating his conviction.

As noted above, this is movant's second motion to vacate before this Court. The Court dismissed his prior motion to vacate as time-barred after he filed it more than two years after his

criminal conviction became final.[1]  See Henry v. United States, Case No. 4:10-CV-1510 CAS.  In apparent recognition of the statute of limitations, movant argues in his current motion that the one-year limitation period should be "equitably tolled."  In essence, movant argues that the statute of limitations should not have began to run until he discovered the alleged misdeeds of officers Shell and Mathews.

There are two problems with movant's argument.  First and foremost, the Court cannot make a finding as to the suitability of equitable tolling in this case, given that the Court has already reviewed and dismissed as time-barred a prior § 2255 action filed by movant and there is no indication in the record that movant has obtained a certification from the Eighth Circuit Court of Appeals.[2]

---

[1] As amended by the AEDPA, the statute provides for a one-year period of limitation to motions under 28 U.S.C. § 2255.  Under 28 U.S.C. § 2255(f), the limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[2] Although unpublished, opinions by the Eighth Circuit Court of Appeals and by other district courts in this circuit have uniformly held that a motion dismissed as untimely is a decision on the merits.  See Diaz-Diaz v. United States, 297 Fed. Appx. 574, 575 (8th Cir. Oct. 29, 2008); Young v. Norman, No. 4:10-CV-2186 DDN, 2010 WL 5184886, at*1 (E.D. Mo. Dec. 15, 2010); Hazelett v. United States, No. 4:10-CV-2214 JCH, 2010 WL 5184888, at *1 (E.D. Mo. Dec. 15, 2010).

4

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion must be dismissed.

But even if the Court could delve into the merits of movant's claims, his request for application of "equitable tolling" would not provide him the result he seeks, and the motion would be time-barred. The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. United States. v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005); Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Jhihad, 267 F.3d at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not

---

Similarly, several other courts of appeals have held that a dismissal on statute of limitations grounds constitutes a decision on the merits. See McNabb v. Yates, 576 F.3d 1029, 1030 (9th Cir. 2009); Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003); Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002).

warrant equitable tolling); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Under these principles, equitable tolling is not warranted in the case at bar because the circumstances described by petitioner are not extraordinary. The alleged bad acts of Shell Sharp and Michael Mathews came to light far more than one year prior to the filing of the present action, and therefore should have been known to movant before that time.[3]

As set forth in great detail in the Holmes opinion, in 2009, Officer Sharp became the target of an Internal Affairs investigation into police corruption. 2011 WL 4445702 at *3. There were allegations that Sharp had made false statements about informants and surveillance activities in affidavits that were submitted to obtain search warrants. It was also alleged that he gave perjured testimony in court. According to media reports, concerns about Sharp's credibility prompted the prosecuting attorney for St. Louis City to drop cases in which Sharp had been involved. Id.

In 1998, Sharp testified for the government at the trial of Stephen Jones, who was prosecuted in this district for possession of cocaine base with intent to distribute. According to the testimony, Sharp and Officer Vincent Carr saw Jones drop a bag of cocaine base as he was running down the hallway of a house. Jones maintained that the officers lied about his possession of the drugs. In February 2009, Carr pled guilty to wire fraud, making a false statement, and obstruction of justice—charges stemming from conduct he engaged in as a police officer. Jones filed a motion to

---

[3]The Court notes that movant's motion conspicuously fails to include exactly when he gained actual or constructive knowledge of the alleged bad acts of Shell Sharp or Michael Mathews. The Court additionally notes that the newspaper articles attached to movant's motion have had the dates of publication removed.

vacate, set aside or correct sentence based on the newly discovered evidence of Carr's misconduct. The government conceded the motion and joined in Jones's request for the vacation of the judgment. In doing so, the government publicly stated that it could not vouch for the credibility of the officers. See United States v. Stephen Jones, No. 4:10–CV–1748 CEJ (E.D.Mo.). This public denunciation by the government occurred in November 2010, or more than 16 months prior to the filing of the present action. Movant has failed to explain this time discrepancy in his request for equitable tolling, relying instead on conclusory assertions that he is actually innocent of the crimes for which he is charged.

However, movant's claim for overturning his conviction because he was "actually innocent," is equally unavailing. Although a showing of actual innocence may excuse an untimely filing, the petitioner has "to show some action or inaction on the part of respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002). Petitioner has failed to offer any explanation of how his allegedly false guilty plea, which was apparently known to him at the time he entered the plea, prevented him from filing a motion to vacate his sentence in a timely fashion.

Accordingly,

**IT IS HEREBY ORDERED** that movant's "Claim of Actual Innocence Due to Miscarriage of Justice for Withholding Evidence and Police Corruption," construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** as successive.

**IT IS FURTHER ORDERED** that movant's "Motion to Compel Defendant to Plead or Defendant and Disclosure of Exculpatory Evidence" is **DENIED**. [Doc. 3]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   16th   day of July, 2012.